1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7   JERMONTA R CUMMINGS,                    Case No. 22-cv-02385-HSG

8                 Petitioner,               **ORDER DENYING PETITION FOR A**
                                            **WRIT OF HABEAS CORPUS;**
9          v.                               **DENYING CERTIFICATE OF**
                                            **APPEALABILITY**
10  THE PEOPLE OF THE STATE OF
    CALIFORNIA, et al.,
11
                  Respondent.
12

13         Before the Court is the above-titled petition for a writ of habeas corpus, filed pursuant to

14  28 U.S.C. § 2254 by petitioner Jermonta Cummings, challenging the validity of his state court

15  conviction.  Dkt. No. 1.  Respondent has filed an answer to the petition.  Dkt. No. 13 ("Answer").

16  Petitioner has not filed a traverse and the deadline to do so has since passed.  For the reasons set

17  forth below, the Court DENIES the petition for a writ of habeas corpus and DENIES a certificate

18  of appealability.

19                              **I.  PROCEDURAL HISTORY**

20         On June 14, 2019, an Alameda County jury found Petitioner guilty of mayhem and assault

21  with a deadly weapon, Cal. Penal Code § 245(a)(1), and found true enhancements for great bodily

22  injury and personal use of a weapon, Cal. Penal Code §§ 12022(b)(1), 12022.7(a).  The jury found

23  Petitioner not guilty of attempted murder or attempted voluntary manslaughter.  Answer, Ex. 1

24  ("CT") at 498-500, 510-14.  In a bifurcated proceeding, the jury hung on the prior conviction

25  allegation for residential burglary, and the court then declared a mistrial.  CT 515-518.  On retrial

26  with a new jury, the prior conviction allegation was found true.  CT 550-52, 595.  Petitioner was

27  sentenced to 19 years in state prison.  CT 662-63, 668-69, 683-88.

28         Petitioner appealed, arguing that the retrial of the prior conviction allegation violated his

United States District Court
Northern District of California

1   rights to due process and a fair trial because the retrial of the prior conviction was barred by Cal.

2   Penal Code §§ 1025 and 1158 and the trial court therefore lacked jurisdiction and authority to

3   order a retrial.  Answer, Ex. 3.  On December 23, 2021, the California Court of Appeal affirmed

4   the judgment of conviction.  *People v. Cummings*, C No. A159610, 2021 WL 6068977 (Cal. Ct.

5   App. Dec. 23, 2021).  On March 9, 2022, the California Supreme Court denied Petitioner's

6   petition for review.  Answer, Exs. 7, 8.

7       On or about April 15, 2022, Petitioner filed the instant federal petition for a writ of habeas

8   corpus.  Dkt. No. 1.  On May 3, 2022, the Court found that the petition stated the following

9   cognizable claim for federal habeas relief:  Petitioner's due process rights and right to a fair trial

10  were violated when, in a bifurcated proceeding, the jury was unable to reach a determination as to

11  the prior strike conviction allegation, a mistrial was declared, and then the trial court over

12  Petitioner's objection empaneled a new jury that found the alleged prior strike conviction to be

13  true.  Dkt. No. 6.  More specifically, Petitioner argues that due process requires that his guilt with

14  respect to the prior conviction allegation be decided by the same jury that decided his guilt of the

15  commitment offense.  Dkt. Nos. 1, 6.  The Court ordered Respondent to show cause why federal

16  habeas relief should not be granted on this claim.  Dkt. No. 6.

## II.  FACTUAL BACKGROUND

18  The following background is taken from the California Court of Appeal's opinion: [1][2]

19  In July 2018, the Alameda County District Attorney filed an information alleging one
20  count of attempted murder (§§ 664, 187, subd. (a)), one count of felony aggravated
    mayhem (§ 205), and one count of felony assault with a deadly weapon (§ 245, subd.
21  (a)(1)). The information also included special allegations of personal infliction of great
    bodily injury (§ 12022.7, subd. (a)) and use of a deadly weapon (§ 12022, subd. (b)(1)) as
22  to all three counts, and that defendant had suffered one prior strike conviction (§ 1170.12,
    subd. (c)(1)).

23  The jury found defendant not guilty of count 1 (attempted murder), guilty of count 3
24  (assault with a deadly weapon) and did not reach a verdict as to count 2 (aggravated

---

[1] The California Court of Appeal only recited the facts relevant to the issue on appeal.  Because
the commitment offense is not at issue, the factual background is limited to the decision to order a
retrial on the prior conviction allegation.
[2] The Court has independently reviewed the record as required by AEDPA.  *Nasby v. Daniel*, 853
F.3d 1049, 1052–54 (9th Cir. 2017).  Based on the Court's independent review, the Court finds
that it can reasonably conclude that the state court's summary of the prosecution case and the
defense case is supported by the record, unless otherwise indicated in this order.

United States District Court
Northern District of California

mayhem).

After the court granted the prosecution's motion to amend count 2 to simple mayhem (§ 203), the jury found defendant guilty as to that count and also found true the bodily injury and deadly weapon special allegations as to counts 2 and 3. However, in bifurcated proceedings, the jury was unable to reach a determination as to the prior strike allegation, and the court declared a mistrial pursuant to section 1140.  [FN 3]

> FN 3:  Section 1140 provides, "Except as provided by law, the jury cannot be discharged after the cause is submitted to them until they have agreed upon their verdict and rendered it in open court, unless by consent of both parties, entered upon the minutes, or unless, at the expiration of such time as the court may deem proper, it satisfactorily appears that there is no reasonable probability that the jury can agree."

About two weeks later, the court ordered a new panel of prospective jurors, and defendant subsequently filed a motion objecting to retrial of the prior strike conviction pursuant to sections 1025, subdivision (b) and 1158. Following a hearing, the court denied the motion, and the newly impaneled jury proceeded to find true the alleged prior conviction.

The court sentenced defendant to an aggregate term of 19 years, consisting of an eight-year term for the mayhem count, doubled to 16 years because of the prior, along with a three-year consecutive term for the great bodily injury special allegation. Count 2 and the remaining special allegations for counts 2 and 3 were stayed.

*Cummings*, 2021 WL 6068977, at *1.

### III. DISCUSSION

**A.**     **Standard of Review**

A petition for a writ of habeas corpus is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").  This Court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

A district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state courts' adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 412–13 (2000).  Additionally, habeas relief is warranted only if the

United States District Court
Northern District of California

3

constitutional error at issue "had substantial and injurious effect or influence in determining the jury's verdict." *Penry v. Johnson*, 532 U.S. 782, 795 (2001).

A state court decision is "contrary to" clearly established Supreme Court precedent if it "applies a rule that contradicts the governing law set forth in [the Supreme Court's] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [its] precedent." *Williams*, 529 U.S. at 405–06. "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Id.* at 411.

Section 2254(d)(1) restricts the source of clearly established law to the Supreme Court's jurisprudence. "[C]learly established Federal law, as determined by the Supreme Court of the United States" refers to "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams*, 529 U.S. at 412. "A federal court may not overrule a state court for simply holding a view different from its own, when the precedent from [the Supreme Court] is, at best, ambiguous." *Mitchell v. Esparza*, 540 U.S. 12, 17 (2003).

The state court decision to which § 2254(d) applies is the "last reasoned decision" of the state court. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803–04 (1991);[3] *Barker v. Fleming*, 423 F.3d 1085, 1091–92 (9th Cir. 2005). In considering Petitioner's claim, the Court reviews the California Court of Appeal's December 23, 2021 decision because it was the last reasoned state court

---

[3] Although *Ylst* was a procedural default case, the "look through" rule announced there has been extended beyond the context of procedural default. *Barker v. Fleming*, 423 F.3d 1085, 1091 n.3 (9th Cir. 2005). The look through rule continues as the Ninth Circuit held that "it is a common practice of the federal courts to examine the last reasoned state decision to determine whether a state-court decision is 'contrary to' or 'an unreasonable application of' clearly established federal law" and "it [is] unlikely that the Supreme Court intended to disrupt this practice without making its intention clear." *Cannedy v. Adams*, 706 F.3d 1148, 1158 (9th Cir.), *amended*, 733 F.3d 794 (9th Cir. 2013).

1   decision to consider Petitioner's claim.

2   **B.       Petitioner's Claim**

3           Petitioner argues that the trial court violated Cal. Penal Code §§ 1025(b), 1158 when it

4   ordered and held a retrial on the prior conviction allegation, thereby denying him the right to due

5   process and a fair trial.  He argues that Cal. Penal Code sections 1025(b) and 1158 require that the

6   prior conviction be tried by the same jury that considered the commitment offense.  *See* generally

7   Dkt. No. 1.  In support of his claim, Plaintiff cites to the following state law cases:  *Cty. of Lake v.*

8   *Palla*, 94 Cal. App. 4th 418, 425 (Cal. Ct. App. 2001); *People v. Ysabel*, 28 Cal. App. 2d 259 (Cal.

9   Ct. App. 1938); and *People v. Kingsburg*, 70 Cal. App. 2d 128, 131 (Cal. Ct. App. 1945).

10  Petitioner does not cite to any federal statute, federal constitutional provision, or federal caselaw in

11  support of his argument.

12          The state appellate court denied the claim in a lengthy and reasoned opinion, finding that

13  the plain language of Cal. Penal Code sections 1025(b) and 1158 does not foreclose a retrial,

14  following a declared mistrial, in a bifurcated trial on a prior conviction allegation.  In support of its

15  conclusion, the state court analyzed the following state court cases:  *People v. Epps*, 25 Cal.4th 19,

16  23 (Cal. 2001); *People v. Ysabel*, 28 Cal.App.2d 259 (Cal. Ct. App. 1938); *People v. Morton*, 41

17  Cal.2d 536, 542 (Cal. Ct. App. 1953); *People v. Saunders*, 5 Cal.4th 580 (Cal. 1993); *People v.*

18  *Grimes*, 1 Cal.5th 698, 737-38 (Cal. 2016); *People v. Tindall*, 24 Cal.4th 767, 773 (Cal. 2000);

19  *People v. Collins*, 117 Cal.App.2d 175, 183 (Cal. Ct. App. 1953); *People v. Hoerler*, 208

20  Cal.App.2d 402, 404 (Cal. Ct. App. 1962); *People v. Hickok*, 230 Cal.App.2d 57 (Cal. Ct. App.

21  1964); *People v. Wojahn*, 150 Cal.App.3d 1024 (Cal. Ct. App. 1984); *People v. Barragan*, 32

22  Cal.4th 236 (Cal. 2004); *People v. Moore*, 8 Cal.App.4th 411 (Cal. Ct. App. 1992); *People v.*

23  *Boggs*, 166 Cal.App.3d 851, 856 (Cal. Ct. App. 1985);  *People v. Weathington*, 231 Cal.App.3d

24  69, 91 (Cal. Ct. App. 1991); *People v. Tipton*, 160 Cal.App.3d 853, 857 (Cal. Ct. App. 1984).

25  *Cummings*, 2021 WL 6068977, at *2-*8.  The state court did not consider federal law in reaching

26  its conclusion.  *See id.*

27          Respondent argues Petitioner is not entitled to federal habeas relief on this claim for the

28  following reasons.  First, Respondent argues that whether the state court properly interpreted the

United States District Court
Northern District of California

United States District Court
Northern District of California

1  California Penal Code is a question of state law, and therefore not reviewable by this Court.

2  Second, Respondent argues that there is no clearly established Federal law, and due process does

3  not require, that a prior conviction allegation must be tried by the same jury that decided the

4  charges for the commitment offense.  Petitioner has not submitted a traverse or otherwise

5  responded to the Answer.

6       The Court agrees with Respondent.  The state court's determination that the retrial on the

7  prior conviction following a mistrial did not violate state law does not state a claim for federal

8  habeas relief.  This determination involves an interpretation of state, not federal, law.

9       Nor may Petitioner "transform a state-law issue into a federal one merely by asserting a

10  violation of due process." *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1997).  A violation of a

11  state law might implicate federal due process concerns, but only if the state statute creates a

12  protected "liberty interest."  *See Bonin v. Calderon*, 59 F.3d 815, 841 (9th Cir. 1995 ("*Bonin I*").

13  A state law creates a "liberty interest" protected by the Due Process Clause if the law: (1) contains

14  "substantive predicates" governing official decision making; (2) contains "explicitly mandatory

15  language" specifying the outcome that must be reached if the substantive predicates are met; and

16  (3) protects "some substantive right protected by the Constitution."  *Id.* at 842; *see, e.g., Bonin v.*

17  *Calderon*, 77 F.3d 1155, 1161-62 (9th Cir. 1996) ( "*Bonin II*") (even assuming violation of state

18  law in setting execution date, no federal habeas claim because there was no deprivation of federal

19  substantive right); *Bonin I*, 59 F.3d at 842 (California statute which gives defendant in capital case

20  right to have two defense attorneys argue on his behalf does not create protected liberty interest

21  cognizable in habeas because it contains neither "substantive predicates" nor "explicitly

22  mandatory language," and there is no federal constitutional right to have two attorneys make

23  closing arguments).   Here, Petitioner has not shown that Cal. Penal Code section 1025(b) and

24  1158 protect a substantive right guaranteed by the U.S. Constitution.[4]  In fact, the Supreme Court

25

26  _____

27  [4] To the extent that the repeated trials could raise a double jeopardy concern, there is no such
concern when the alleged repeated trials concerned only a sentencing determination arising out of
the existence of prior convictions.  *See Monge v. California*, 524 U.S. 721, 727-28, 734 (1998)

28  (protections of Double Jeopardy Clause do not extend to noncapital sentencing because sentencing
determinations in noncapital cases do not place defendant in jeopardy for an "offense").

United States District Court
Northern District of California

1  has held that the constitutional right to a jury trial does not extend to a determination of whether a
2  defendant has suffered a prior conviction. *See Cunningham v. Calif.*, 549 U.S. 270, 274-75 (2007)
3  ("[T]he Federal Constitution's jury-trial guarantee proscribes a sentencing scheme that allows a
4  judge to impose a sentence above the statutory maximum based on a fact, other than a prior
5  conviction, not found by a jury or admitted by the defendant."); *Apprendi v. New Jersey*, 530 U.S.
6  466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a
7  crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a
8  reasonable doubt.").

9      Petitioner is not entitled to relief on his claim because he does not allege a violation of
10 federal law.  Federal habeas relief does not lie for errors of state law.  *Estelle v. McGuire*, 502 U.S.
11 62, 67-68, (1991); *Hendricks v. Zenon*, 993 F. 2d 664, 674 (9th Cir. 1993) (claim exclusively
12 concerned with state law not cognizable in federal habeas).  This Court is bound by the state
13 court's interpretation of Cal. Penal Code §§ 1025(b), 1158.  *Bradshaw v. Richey*, 546 U.S. 74, 76
14 (2005) ("A state court's interpretation of state law, including one announced on direct appeal of
15 the challenged conviction, binds a federal court sitting in habeas corpus."); *see also Mendez v.
16 Small*, 298 F. 3d 1154, 1158 (9th Cir. 2002) ("[a] state court has the last word on interpretation of
17 state law") (citations omitted).

18 **C.    Certificate of Appealability**

19      The federal rules governing habeas cases brought by state prisoners require a district court
20 that issues an order denying a habeas petition to either grant or deny therein a certificate of
21 appealability.  *See* Rules Governing § 2254 Case, Rule 11(a).

22      A judge shall grant a certificate of appealability "only if the applicant has made a
23 substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and the
24 certificate must indicate which issues satisfy this standard.  *Id.* § 2253(c)(3).  "Where a district
25 court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c)
26 is straightforward: [t]he petitioner must demonstrate that reasonable jurists would find the district
27 court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S.
28 473, 484 (2000).

Here, Petitioner has not made such a showing, and, accordingly, a certificate of appealability will be denied.

### IV. CONCLUSION

For the reasons stated above, the petition for a writ of habeas corpus is DENIED, and a certificate of appealability is DENIED.  The Clerk shall enter judgment in favor of Respondent and close the case.

**IT IS SO ORDERED.**

Dated:  June 30, 2023

HAYWOOD S. GILLIAM, JR.
United States District Judge